Thomas J. Seery, Esquire
Attorney I.D. No. 128552015
**GOLDBERG SEGALLA, LLP**
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
267.519.6800
Fax: 267.519.6801
Attorneys for Defendant,
Western Litigation, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUTHENTIC TITLE SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>GREENWICH INSURANCE COMPANY, WESTERN LITIGATION, AMERICAN INSURANCE PROFESSIONALS INC., and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br>**NOTICE OF REMOVAL** |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, defendant Western Litigation, Inc. ("WLI"), incorrectly identified as "Western Litigation," by its undersigned attorney, and with the consent of the only other defendant that has been served in this action, American Insurance Professionals, LLC ("AIP"), incorrectly identified as "American Insurance Professionals, Inc.," submits this Notice of Removal from the Superior Court of New Jersey, Law Division, Essex County, in which the above-captioned matter is now pending, to the United States District Court for the District of New Jersey. In support of its Notice of Removal, WLI states as follows:

## Nature of the Action

1. Plaintiff Authentic Title Services, Inc. ("ATS") commenced this lawsuit against WLI, Greenwich Insurance Company ("Greenwich"), AIP, and John Does 1-10 in the Superior Court of New Jersey, Law Division, Essex County under Docket no. ESX-L-1366-18 by filing a Complaint on or about February 26, 2018 (the "Action").

2. WLI was served with the Summons and Complaint in the Action on or about March 8, 2018. A copy of the Summons and Complaint filed in the Action are attached hereto as Exhibit A. No orders, and no other process or pleadings, have been served upon WLI in the Action.

3. Upon information and belief, AIP was served with the Summons and Complaint in the Action on or about March 19, 2018.

4. Upon information and belief, the Summons and Complaint have not been served upon Greenwich at this time.

5. This Action is primarily an insurance coverage dispute. ATS alleges that Greenwich insured ATS under an errors and omissions insurance policy bearing policy number TAG 0150488, for the policy period of May 25, 2015 to May 25, 2016 (the "Greenwich Policy").

6. It alleges that WLI is "believed to be counsel to Greenwich" and "is a company that provides legal services and counsel to Greenwich, and has the apparent authority to act on their behalf." (See Exhibit A, at Count 1, ¶ 3).[1]

---

[1] By referring to the allegations of the Complaint, WLI does not admit or acknowledge the truth thereof.

2

8572585.1

7. ATS alleges that on or about April 5, 2016, it was the victim of cyber fraud, which resulted in funds being mistakenly wired by ATS to a fraudulent account. (See Exhibit A, at Count 1, ¶ 5).

8. ATS then alleges that on or about May 3, 2016, Fidelity National Title Insurance Company ("Fidelity") asserted a claim against ATS in connection with the fraudulent wire transfer. (See Exhibit A, at Count 1, ¶¶ 7, 9).

9. Fidelity demanded indemnification from ATS for loss and expenses in the amount of $520,107.87. (See Exhibit A, at Count 1, ¶ 9).

10. ATS's Complaint asserts causes of action against WLI and the other defendants for negligence, "insurance malpractice," and breach of fiduciary duty. (See Exhibit A, at Counts 7-9).

11. In addition to the causes of action stated above, ATS's Complaint asserts causes of action against Greenwich for declaratory judgment, bad faith, breach of contract, and gross negligence. (See Exhibit A, at Counts 1-6).

**The District Court has Jurisdiction Over this Matter Under 28 U.S.C. § 1332(a)(1)**

12. Pursuant to 28 U.S.C. § 1441(a), a state court action over which a District Court of the United States would possess original jurisdiction may be removed to the District Court for the district and division embracing the place where the state court action is pending.

13. A District Court shall have original jurisdiction over a proceeding between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

8572585.1

14. The requirements of Section 1332(a)(1) are met with regard to the Action because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### There is Complete Diversity of Citizenship Between the Parties

15. A District Court shall have original jurisdiction over a proceeding between citizens of different states. 28 U.S.C. § 1332(a)(1).

16. The plaintiff in the Action is ATS. The defendants in the Action are WLI, AIP, and Greenwich.

17. ATS is incorporated in New Jersey and its principal place of business is located in New Jersey. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), ATS is a citizen of New Jersey.

18. WLI is incorporated in Texas and its principal place of business is in Texas. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), WLI is a citizen of Texas.

19. AIP is incorporated in Arizona and its principal place of business is in Arizona. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), AIP is a citizen of Arizona.

20. Greenwich is incorporated in Delaware and its principal place of business is in Connecticut. Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Greenwich is a citizen of Delaware and Connecticut.

21. Because ATS is a citizen of New Jersey, and none of the defendants are citizens of New Jersey, there is complete diversity of citizenship.

22. Accordingly, the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

### The Amount in Controversy Exceeds $75,000

23. A District Court shall have original jurisdiction based on diversity jurisdiction over a proceeding where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

24. In its Complaint in this Action, ATS seeks damages and other relief, including but not limited to insurance coverage for Fidelity's $520,107.87 demand for indemnification against ATS arising from the fraudulent wire transfer.

25. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### Removal to this Court is Proper

26. For the reasons set forth above, this Court has subject matter jurisdiction over the Action under 28 U.S.C. §1332(a)(1). Venue is proper before this Court pursuant to 28 U.S.C. § 1441(a) as this is the Federal District Court for the district and division embracing the place where the Action is pending, Essex County, New Jersey.

27. ATS is a citizen of New Jersey, and none of the defendants are citizens of New Jersey. Therefore, there is complete diversity of citizenship, and 28 U.S.C. § 1441(b)(2) does not preclude removal of the Action.

28. The Action is not among the classes of cases that are not subject to removal pursuant 28 U.S.C. § 1445.

29. This Notice of Removal is filed with this Court within the requisite thirty (30) days after service of the Summons and Complaint upon WLI, pursuant to 28 U.S.C. § 1446.

30. AIP, the only other defendant in the Action that has been served with the Summons and Complaint at this time, consents to this Notice of Removal.

31. WLI shall promptly file a copy of this Notice of Removal with the Clerk of the Court, Superior Court of New Jersey, Law Division, Essex County, and shall give written notice of the removal to counsel for ATS.

8572585.1

32.  Therefore, WLI hereby removes the Action to the United States District Court for the District of New Jersey, Newark vicinage.

GOLDBERG SEGALLA LLP

By: _____
Thomas J. Seery, Esquire
*Attorney for Defendant*
*Western Litigation, Inc.*

Date: March 23, 2018